UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK J. DUBUQUE,

                       Plaintiff,

                                                               9:13-CV-1032
v.                                                             (GTS/TWD)

JEFF NOWICKI, Chief of Mental Health
Treatment Servs. at CNYPC; and
MIA TOWNSEND, Primary Therapist,
Ward 405 Licensed Master Soc. Worker,

                       Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

MARK J. DUBUQUE, 240675
  Plaintiff, *Pro Se*
Central New York Psychiatric Center
P.O. Box 300
Ward 405
Marcy, New York 13403

ERIC T. SCHNEIDERMAN                           CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Mark J. Dubuque

("Plaintiff") against the two above-captioned Central New York Psychiatric Center employees

("Defendants"), are Defendants' motion for summary Judgment and United States Magistrate

Judge Therese Wiley Dancks' Report-Recommendation recommending that Defendants' motion

be granted. (Dkt. Nos. 22, 26.) Plaintiff has not filed an objection to the Report-

Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety; Defendants' motion is granted; and Plaintiff's Complaint is dismissed.

Generally, in her Report-Recommendation, Magistrate Judge Dancks made the following findings of fact and conclusions of law: (1) Plaintiff's claims for money damages against Defendants in their official capacities under 42 U.S.C. § 1983 should be dismissed by the Court *sua sponte* because of Eleventh Amendment immunity; (2) Plaintiff's privacy claim against Defendant Townsend under the Fourteenth Amendment should be dismissed because Plaintiff failed to establish that he had a constitutionally protected right to privacy regarding the disclosure by the government of a domestic violence claim by his ex-wife, nor has Plaintiff established that any such right to privacy outweighs the government's interest in such disclosure;[1] and (3) Plaintiff's claim of supervisory liability against Defendant Nowicki under 42 U.S.C. § 1983 should be dismissed because of Plaintiff's failure to establish any underlying constitutional violations by Defendant Townsend. (Dkt. No. 26, at Part IV.) Familiarity with the particular grounds supporting these findings and conclusions is assumed in this Decision and Order, which is intended primarily for the review of the parties.

When, as here, *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[1] The Court notes that Magistrate Judge Dancks concludes that "the government's interest in providing treatment to Plaintiff and protecting the public far outweighs any interest Plaintiff has in keeping his history of domestic violence private," particularly given that he is being confined under the Sex Offender Management and Treatment Act ("SOMTA"), and is subject to a treatment plan that includes periodic mental and physical evaluations pursuant to N.Y. Mental Hygiene Law § 29.13. (Dkt. No. 26, at Part IV.B.)

2

recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a careful review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 26.) To those reasons, the Court would add only one point.

Although the Local Rule 56.2 Notice provided by Defendants to Plaintiff was outdated (Dkt. No. 22, Attach. 1), the Court *sua sponte* provided Plaintiff with the current Local Rule 56.2 Notice (Dkt. No. 25, at 2), which more clearly advised Plaintiff of the consequences of failing to respond to Defendants' motion for summary judgment. Based on this notice, the Court concludes that Plaintiff's failure was willful.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 26) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: June 24, 2015
      Syracuse, New York

*/s/ Glenn Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge